THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LOUIS MILLER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 24-292 |
| | ) | |
| v. | ) | District Judge Stephanie L. Haines |
| | ) | Magistrate Judge Maureen P. Kelly |
| BLAIR COUNTY and DISTRICT | ) | |
| ATTORNEY OF BLAIR COUNTY, | ) | Re: ECF No. 6 |
| | ) | |
| Respondents. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus (the "Petition") filed by Michael Louis Miller ("Petitioner") under 28 U.S.C. § 2254, ECF No. 6, be denied as moot. It is further recommended that a certificate of appealability be denied.

**II.   REPORT**

In the instant Petition, Petitioner complains of two convictions in the Court of Common Pleas of Blair County. It appearing from the trial court dockets and Petitioner's address of record that his sentences on both convictions had ended and that Petitioner was no longer in custody, this Court issued an Order to Show Cause to Petitioner to show good cause why this case should not be dismissed as moot. ECF No. 9 (citing DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (it is a habeas petitioner's burden to demonstrate that his case is not moot once he has been released from the custody where he is merely challenging the custody); Bohannon v. Capozza, Civ. A. 18-1238, 2019 WL 367037, at *3 (W.D. Pa. Jan. 30, 2019) ("As nothing in Petitioner's Response to the Order to Show Cause carries his burden to establish that the Petition, challenging the detainer and detention pursuant thereto, is not now moot, the Petition should be dismissed as

1

moot."); and <u>Buck v. Pugh</u>, Civ. A. 12-1669, 2013 WL 3972654, at *2 (W.D. Pa. July 30, 2013) ("because Petitioner has been released from the custody of the Bureau of Prisons ('BOP') and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition should be dismissed as moot.")). Petitioner was ordered to respond by February 18, 2025, or this case would be dismissed. *Id.* Petitioner never responded.

For these reasons, the Petition should be denied as moot.

In addition, Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable that his claims should be dismissed as moot. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition, ECF No. 6, be denied as moot. It is further recommended that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal.

Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may

file their response to the objections within fourteen (14) days thereafter in accordance with Local

Civil Rule 72.D.2.


Dated: June 15, 2026                          Respectfully submitted,


                                              /s/ Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              UNITED STATES MAGISTRATE JUDGE


cc.     The Honorable Stephanie L. Haines

        All counsel of record by Notice of Electronic Filing

        Michael Louis Miller
        4903 Portage St.
        Lilly, PA 15938